EARLE ROAD IMPROVEMENT DISTRICT No. 6 OF CRITTENDEN
COUNTY v. JOHNSON.

Opinion delivered October 25, 1920.

1. HIGHWAYS—VALIDATION OF PRIOR ASSESSMENTS.—The Legislature
has the power, by curative act, to validate prior assessments of
benefits under an irregular organization of a road improvement
district.

2. HIGHWAYS—REASSESSMENT OF BENEFITS.—It is within the power
of the Legislature to reassess the benefits to property in a road
improvement district.

3. CONSTITUTIONAL LAW—IMPAIRMENT OF CONTRACT.—No contrac-
tual rights are involved in an assessment for improvements which
would be impaired by a new determination of benefits.

4. CONSTITUTIONAL LAW—DUE PROCESS.—An increase in the amount
of assessments under a reassessment does not constitute a taking
of property without due process of law.

5. CONSTITUTIONAL LAW—LEGISLATIVE POLICY.—The courts have noth-
ing to do with the policy of the Legislature in granting authority
to improvement districts to reassess benefits from time to time.

6. HIGHWAYS—REASSESSMENT.—1 Road Laws, 1919, p. 36, author-
izes the commissioners of certain road districts to order a gen-
eral reassessment of property under the restriction that the total
amount of benefits should not be diminished below the amount
of their obligations, and such authority is not limited to a mere
readjustment of assessments so as to correct errors and in-
equalities in the original assessment.

Appeal from Crittenden Chancery Court; *Archer
Wheatley,* Chancellor; reversed.

*Rose, Hemingway, Cantrell & Loughborough,* for ap-
pellant.

1. The court erred in refusing to order a reassess-
ment of benefits in the district.

Act No. 55, Acts 1919, § 11, especially authorizes to
reassessments of benefits not oftener than once a year,
and more than a year has elapsed since benefits were as-
sessed and defendants were justified in making the re-
assessment. The court was misled by a misconstruction
of the language used in 130 Ark. 418. See 98 Ark. 544;
133 *Id.* 119; 134 *Id.* 293; *Ib.* 14; 213 S. W. 775. There

was no proof that the doubling of the old assessment was arbitrary or unreasonable.

*S. V. Neely,* for appellee.

Act 55, § 11, does not authorize the increase in assessment, and, if so, it is not a valid exercise of the power conferred. Page & Jones on Assessments, vol. 2, chap. 16, p. 1608. The assessors and the court having finally determined the benefits, even the Legislature can not change the benefits nor delegate its power to an inferior tribunal except to correct mistakes or manifest injustice. 130 Ark. 410. The chancellor correctly construed act No. 55 and section 11 is invalid.

McCULLOCH, C. J. Act No. 55 of the regular session of the General Assembly of 1919 (Road Acts, volume 1, page 36) undertakes to cure the iregularities in the organization, under general statutes with reference to road improvement districts (act No. 338, session of 1915) of a road district in Crittenden County, designated as Earle Road Improvement District No. 6 of Crittenden County, and certain other districts in that county and to validate said organizations. The same statute also created three other districts and provided a complete scheme for the assessment of benefits and the construction of the improvements.

The section of the statute relating to the validation of Earle Road Improvement District No. 6 reads as follows:

''That all irregularities in the organization of Earle Road Improvement District No. 6 of Crittenden County are hereby cured, and the said district is declared to have been validly organized under act No. 338 of the Acts of the General Assembly of the State of Arkansas for the year 1915, entitled 'An Act providing for the creation and establishment of road improvement districts for the purpose of building, constructing and maintaining the highways of the State of Arkansas,' approved March 30, 1915, with all the powers conferred and liabilities imposed by said act, and the special powers conferred by

this act. Said district shall embrace all that part of Crittenden County west of the line between ranges six (6) and seven (7). There shall be five commissioners for said district, the three now serving and two others to be appointed by the county court as soon as practicable after the passage of this act.''

We are called on to construe another section of the same statute, which reads as follows:

''Section 11. The commissioners of each of said districts numbered 2, 4, 5, and 6, may, not oftener than once a year, require the assessors to reassess the benefits in said respective districts; and the commissioners of districts Nos. 7, 8, and 9, may, not oftener than once a year, reassess the benefits in their respective districts; but in the event the respective districts shall have incurred indebtedness or issued bonds the total amount of assessed benefits shall never be diminished.''

Appellee, who is an owner of real property within the district mentioned above, instituted this action in the chancery court of Crittenden County, alleging, in substance, that the commissioners of the district have ordered a reassessment of benefits to the real property in the district and are about to double the assessments in order to meet the increased cost of construction of the road, and that, unless restrained, they will issue bonds in excess of the original assessment of benefits. The prayer of the complaint is that the commissioners of the district be restrained from proceeding to increase the assessment of benefits ''or to do anything more in annual revision thereof than to correct the particular instances of injustice, if such there be.'' The commissioners of the district answered, setting forth the fact that it was found that the cost of construction of the improvement was largely in excess of the original estimate and that the reassessment was ordered in order to ascertain the true amount of benefits resulting from the construction of the improvement. The court sustained a demurrer to this answer, and, on the election of the commissioners not to

plead further, the court rendered a final decree in accordance with the prayer of the complaint.

There are two questions presented for determination: First, whether or not the Legislature has the authority to order a general reassessment of benefits in an improvement district; and, next, whether or not the language of the statute before us contains such authority, or whether it is limited to a mere readjustment of assessments so as to correct inequalities and errors in the original assessments.

This statute does not, in express terms, refer to a prior assessment made before its passage, nor does it in terms ratify and validate such prior assessments, but the necessary inference from the language of the statute is that assessments of benefits had been made under the irregular organization, and that they were validated by the statute. That much was clearly within the power of the lawmakers. *Faver* v. *Wayne,* 134 Ark. 30. The question has never been expressly decided by this court, but we hold now that it is within the power of the Legislature to confer authority on an improvement district to reassess the benefits to property in a district. There is no necessary finality in an assessment of benefits to accrue from a local improvement. The assessors and commissioners do not act in a judicial capacity (*Mo. Pac. Ry. Co.* v. *Izard County Rd. Imp. Dist.,* 143 Ark. 261), therefore, a determination of benefits can not be likened to a judicial adjudication; nor can it be said that there are any contractual rights involved in the assessment of benefits which would be impaired by a new determination of benefits; nor does an increase in the amount of assessments under a reassessment constitute a taking of property without due process of law. An appraisal of benefits in advance of the actual realization is a mere anticipation, and we see no reason why there can not be a subsequent reassessment for the purpose of determining whether or not those anticipated benefits have in fact been realized, or whether in the light of sub-

sequent changes and developments the original assessment was a correct estimate of benefits. Of course, there must be an assessment of benefits before the construction of the improvement is begun in order to determine whether or not the cost of the improvement will exceed those benefits. But the only constitutional or inherent restraint in this regard is that the improvement shall not be constructed until it is found that the cost will not exceed the benefits to accrue to the property from the improvement.

This is done at the time when the cost of the improvement is a mere estimate. as well as the estimate of benefits. If, however, it is subsequently found that the cost of the improvement will be more, there is no restriction upon the right to proceed with the increased cost, provided, it does not exceed the benefits; and there is no legal restriction upon the right to reassess the property for the purpose of determining whether those benefits will be sufficient to meet the increased cost. Hamilton on Special Assessments, section 827. We find, in other words, no legal restriction upon the power of the Legislature, and we have nothing to do with the policy of the lawmakers in granting authority to improvement districts to reassess benefits from time to time.

A reasonable interpretation of the language of the statute is that it was intended to confer upon the commissioners of the district authority to order a general reassessment of property under the restriction that the total amount of benefits should not be diminished below the amount of the obligations of the district. This interpretation of the statute is made clear when we consider it in the light of certain sections of the general statute under which this district was originally organized.

Act No. 338 of the session of 1915 contained two sections with reference to reassessments of benefits. Section 17 provides, in substance, that when, by reason of a change of plans, the previous assessment of benefits has become inequitable, a new assessment may be made, and

section 18 provides that the commissioners "may, not oftener than once a year, order a reassessment of benefits which shall be made, advertised, revised and confirmed as in the case of the original assessment and with like effect." Section 18 can not be construed as mere authority to correct inequalities in the original assessment, for that subject is fully covered by section 17. Obviously, the framers of the statute meant to create additional power in section 18 and to authorize something more than the mere correction of inequalities. They meant, in other words, that there could be a complete reassessment of the benefits to the property, with the proviso that the total amount of benefits as originally assessed should not be diminished so as to reduce the amount below the obligations of the district.

Section 11 of the new statute, which is now under consideration, conforms to section 18 of the general statute and authorizes a general reassessment. The term "reassessment" necessarily implies a new assessment or to assess again, and it does not refer to particular pieces of property, but to all the property in the district.

Our conclusion therefore is that the commissioners of the district were acting within their legal powers in ordering a reassessment, and the chancellor erred in deciding to the contrary.

Reversed and remanded for further proceedings in accordance with this opinion.

WOOD and HART, JJ., dissent.