HUNT *v.* ROAD IMPROVEMENT DISTRICT No. 12.

Opinion delivered March 23, 1925.

1. HIGHWAYS—GROUNDS FOR SETTING ASIDE ASSESSMENTS.—Where plans were formed, benefits assessed and money borrowed for a road improvement, the fact that the anticipated benefits were not realized or that the available funds were insufficient to complete the improvement does not afford grounds for cancelling the assessments which were made and taxes thereon levied to pay outstanding obligations.

2. HIGHWAYS—IMPROVEMENT DISTRICT—REASSESSMENT.—In a suit by taxpayers against a road improvement district to cancel assessments, and eliminate plaintiffs' lands from the district, wherein plaintiffs did not ask for a reassessment nor state facts sufficient to show the necessity for a reassessment in conformity with

the statute, a decree ordering a reassessment of benefits *held* unwarranted.

3.  HIGHWAYS—REASSESSMENT WARRANTED WHEN.—Under the statute creating a road improvement district, a reassessment of the benefits assessed in a road improvement district is not justified unless it can be made without diminishing the total amount of assessments.

Appeal from Woodruff Chancery Court, Southern District; *A. L. Hutchins,* Chancellor; affirmed.

*Jonas F. Dyson,* for appellant.

*W. J. Dungan,* for appellee.

McCULLOCH, C. J. This appeal involves two consolidated actions in the chancery court of Woodruff County—one instituted by appellee road improvement district against certain delinquent taxpayers to enforce taxes on betterments, and the other instituted by certain other taxpayers to restrain the road district from attempting to enforce assessments, and praying also for a decree canceling the assessments on their lands. In both cases there is an effort to cancel the assessments of benefits on the alleged ground that the part of the road to be improved contiguous to the lands of appellants was not in fact improved at all, and that, on account of the omission to compete the improvement as originally planned, the lands of appellants will receive no benefit. The two cases were, as before stated, consolidated, and heard by the chancery court as one case upon the following agreed statement of facts:

"That Road Improvement District No. 12 of Woodruff County was created under act 402 of the General Assembly of 1919. That, pursuant to the authority contained in the act, the board of commissioners of said road district proceeded to assess the benefits to the lands embraced in the district that would accrue by reason of the improvement contemplated in the act. That the lands described in the complaint are embraced in the district, and the benefits alleged in the complaint were assessed in the amounts and for the years named in the complaint. That thereafter a tax levy was made

by the county court of Woodruff County on said land, and taxes thereafter were collected as alleged in the complaint, in the amounts, or at the rates, and for the years as alleged. That the said assessed benefits above described constitute a lien on all of the lands in the district. That, pursuant to the authority contained in act 402, the board of commissioners issued and sold to third persons bonds of the district in the sum of $585,000, these being interest-bearing bonds, the interest on same maturing semi-annually. That of said bonds $545,000 are now outstanding and unpaid. That the benefits assessed on the lands stand as security for the payment of said indebtedness. The total assessed benefits as filed by the board of commissioners in Road Improvement District No. 12 of Woodruff County is $979,590.37.

"We further agree that the board of commissioners undertook the construction of the road and laterals provided by the statute, and spent all of the money derived from the sale of the bonds above mentioned in such construction, but said board did no work toward the construction of that part of the road described in the complaint as 'beginning at the intersection of the old military road with the St. Francis and Woodruff County lines and running in a southwesterly direction to the town of Hunter, in section 17, township 5 north, range 1 west,' and agree that the construction of said part of the road is not under contemplation by the board of commissioners. That the engineer's work was terminated and his connection with the board of commissioners ended on July 1, 1922."

The court found against appellants as to the validity of the assessment of benefits, and denied relief by cancellation, and, on the contrary, decreed the enforcement of the delinquent taxes, and also decreed that the commissioners should make a reassessment of benefits in the district, pursuant to the statute creating it. Road Acts, 1919, vol. 2, p. 1693. Appellants have duly prosecuted an appeal from that part of the decree refusing to cancel the assessments and enforcing the liens for

delinquent taxes, and appellee has cross-appealed from that part of the decree ordering a reassessment.

We are of the opinion that the chancellor was correct in refusing to cancel the assessments and in enforcing delinquent taxes. The only ground upon which appellants base their claim is that the funds borrowed for the construction of the road have proved insufficient to complete the improvement. This does not, however, afford legal grounds for setting aside the assessments. It is not contended that the statute was not complied with as to the formation of plans for an improvement, to cost not exceeding the amount of the benefits, but, on the contrary, it is admitted that the plans were formed and benefits were assessed and money was borrowed, and that there are outstanding bonds. The fact that the anticipated benefits were not realized from the improvement or the fact that the available funds were insufficient to complete the improvement does not afford grounds for cancelling the assessments which were made and taxes thereon levied to pay outstanding obligations. *Salmon* v. *Board of Directors,* 100 Ark. 366; *Road Improvement District* v. *Morris,* 153 Ark. 635.

Counsel for appellant relies on the decisions of this court in *Phillips* v. *Tyronza & St. Francis Road District,* 145 Ark. 487, and *House* v. *Road Improvement District,* 158 Ark. 263. In the Phillips case, *supra,* there was an attempt to change the plan by eliminating a lateral road provided in the statute as a part of the authorized improvement, and we held that there was no authority to thus change the statutory plan and depart from it. In the House case, *supra,* the same principle was announced. In the present case there was no change of plan—no attempt at substantial departure from the statutory scheme—but there was merely a failure to complete the improvement according to plans. It there had been an attempted departure from the terms of the statute, landowners had the right to prevent the issuance of bonds

and the levy of assessments, as in the Phillips case, *supra,* but that was not done. On the contrary, under the plans adopted, assessments were levied, money was borrowed and bonds issued. No relief can be afforded merely because the funds proved to be insufficient.

Our conclusion, however, with respect to the other feature of the case is that the court erred in ordering a reassessment. There were no sufficient grounds shown in the pleadings or the proof for such a decree. The sole efforts of appellants in the present litigation were to cancel the assessments and eliminate their lands from the district. They did not ask for a reassessment, nor did they state facts sufficient to show that a reassessment should be made in conformity with the statute; that is to say, a reassessment which would not diminish the total amount of benefits as originally assessed. The statute expressly forbids a diminishing of the total amount of assessments, and, unless there are facts stated sufficient to justify granting relief without diminishing the assessments, there are no grounds for ordering a reassessment.

Counsel for appellants rely on the decision of this court in *Road Improvement District* v. *Morris, supra,* but we do not think that the case supports that view. In that case the action was brought for the express purpose of compelling the board of commissioners to make a reassessment pursuant to statute, and it was alleged that demand had been made on the commissioners for that purpose, and refused. The question decided was whether or not the chancery court had jurisdiction to order a reassessment, and the court answered that question in the affirmative. There is no question here about the jurisdiction of the court, but the difficulty is that the court exercised jurisdiction and granted a decree compelling a reassessment without a showing of sufficient facts to justify it.

That part of the decree ordering a reassessment is therefore reversed, and the remainder of the decree is affirmed. The cause will be remanded, with directions to enter a decree in accordance with this opinion. It is so ordered.