FARELLY LAKE LEVEE DISTRICT *v.* HUDSON.

Opinion delivered June 15, 1925.

1.  STATUTES—GENERAL ACT.—Acts 1925, No 356, empowering improvement districts created by special acts to carry out their contracts for construction work to be done under original or changed plans, is a general statute.

2.  STATUTES—GENERAL AND SPECIAL ACTS.—The question whether an act is general or special must be determined from the act itself, and from facts of which the court will take judicial notice.

3.  EVIDENCE—JUDICIAL NOTICE.—The courts will take judicial notice that many special acts have been passed establishing levee, drainage and highway districts.

4.  STATUTES—GENERAL STATUTE DEFINED.—A general statute must relate to persons and things as a class and operate throughout the State on whole subject or class, and not be restricted to any particular locality within the State; the classification being so general as to bring within its limits all those in substantially the same situation class.

5.  STATUTES—REPEAL OF REPUGNANT ACT.—Where a subsequent general act is repugnant to a prior special act, the general act, without any repealing clause, operates as a repeal of the special act to the extent of the repugnancy; and where two such acts are passed at different times, and it is clear that the later act was intended as a revision of the prior acts, it repeals it to the extent to which its provisions are revised or substituted.

6.  LEVEES—REPEAL OF SPECIAL ACT.—Acts 1925, No. 356, empowering improvement districts, created by special acts, to carry out their contracts for construction work to be done under original or changed plans, by reason of repugnancy, repeals Acts 1917, No. 170 § 6 as amended by special Acts 1919, No. 115, section 6, providing that no land in Farelly Lake Levee District will be benefitted more than $20 per acre by the proposed improvement, leaving only the constitutional limitation that no assessment of benefits shall substantially exceed special benefits to property.

Appeal from Jefferson Chancery Court; *H. R. Lucas,* Chancellor; reversed.

### STATEMENT OF FACTS.

W. C. Hudson brought this suit in equity against the Farelly Lake Levee District to enjoin it from filing with the chancery clerk of Jefferson County the assessment which the assessors of said levee district had prepared increasing the assessments of benefits accruing to the lands within the district to $25 per acre.

According to the allegations of the complaint, Farelly Lake Levee District is a levee district created by act No. 3 of the General Assembly of 1913, and amendatory act No. 170 passed by the Legislature of 1917, and amendatory act No. 115 passed by the Legislature of 1919. Farelly Lake Levee District was created by the act and the amendments thereto for the purpose of reclaiming the lands within the district from overflow and surface water, and for the further purpose of constructing such drainage ditches as the board of commissioners might deem practical. The lands in the district are located in Jefferson and Arkansas counties. The plaintiff, W. C. Hudson, is the owner of land within the boundaries of said levee district in Jefferson County.

Section 6 of act 170 passed by the Legislature of 1917, to amend the original act passed by the Legislature of 1913, creating and establishing the Farelly Lake Levee District, provides that it is ascertained and declared that no land in the district will be benefited more than $20 per acre by reason of the proposed improvement. Acts of 1917, vol. 1, p. 905.

Section 6 of act 115 passed by the Legislature of 1919, amends § 6 of act 170 of the Acts of 1917. This section also provides that it is ascertained and declared that no land in the district will be benefited more than $20 per acre by reason of the proposed improvement. Special Acts of 1919, p. 192.

The complaint alleges that the commissioners of the levee district, acting as assessors of benefits, have made a re-assessment of benefits to each tract of land lying within the district that will increase the assessments thereof to the sum of $25 per acre. The complaint further alleges that this increase is in violation of the provisions of the act under which the levee district was created and the amendatory acts thereto.

The Farrelly Lake Levee District filed an answer in which it admitted that a re-assessment of the lands in the district had been made whereby the benefits accruing to each tract of land in the district was increased to the sum of $25 an acre; but deny that said increased assessment is illegal and void. The answer avers that said assessment was increased under authority of act No. 356 of the Legislature of 1925 entitled, "An act for the relief of local improvement districts created by special acts," approved April 1, 1925.

The answer further states that the levee district previous to the passage of said act had made an agreement for construction work under its original plans; that the money realized from a previous bond issue was not sufficient with which to complete the work contracted for, and that, in order to raise sufficient funds, it was necessary to make a re-assessment.

The plaintiff filed a demurrer to the answer of the defendant which was sustained by the court. The defendant refused to plead further, and it was decreed by the court that the defendant Farelly Lake Levee District and the commissioners and assessors of said district be permanently enjoined and restrained from filing with the

chancery clerk of Jefferson County, Arkansas, the re-assessment of benefits made by them.

The defendant has duly prosecuted an appeal to this court.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Wooldridge & Wooldridge,* for appellee.

HART, J. (after stating the facts). Farelly Lake Levee District was created by the Legislature of 1913, and the original act was amended by the Legislature of 1917 and the Legislature of 1919. By § 6 of both amendatory acts it is expressly provided that it is ascertained and declared that no land in the district will be benefited more than $20 per acre by reason of the proposed improvement. Acts of 1917, vol. 1, p. 905 and Special Acts of 1919 p. 192.

The answer admits that a re-assessment increasing the benefits of $25 an acre was made; but it avers that the assessment was increased under the authority of act 356 of the General Assembly of the year 1925, entitled, "An act for the relief of local improvement districts created by special acts."

Section 1 of the act reads as follows: "Section 1. Where any local improvement district created by a special act has made an agreement or undertaking for any construction work to be done upon its original or any changed plans, such district is hereby empowered to carry out such agreement or undertaking; and to that end it may issue bonds bearing interest at a rate not exceeding six per cent. per annum and may secure the payment of said bonds by the pledge and mortgage of its assessment of benefits and tax levy, and the holders of such bonds shall have the rights of action described in § 25 of act No. 279 of the Acts of the General Assembly of the State of Arkansas of the year 1909, entitled, 'An act to provide for the creation of drainage districts in this State', approved May 27, 1909; but said bonds shall not be sold for less than par without the unanimous vote of the board

of directors or commissioners of such district; and such districts may make a re-assessment of their benefits, which may be sufficient in amount to complete the improvement, which re-assessment shall be made, advertised and equalized like their original assessment of benefits, and shall become final and incontestable after the lapse of the same time as the original assessment."

At the outset it may be stated that the act passed by the Legislature of 1925 is a general act. The question of whether an act is a general or a special one must be determined from the act itself and from facts of which the court will take judicial notice. The courts will take judicial notice that many special acts have been heretofore passed by the Legislature establishing levee, drainage and highway districts. A general law must relate to persons and things as a class and must operate throughout the State upon the whole subject or whole class and must not be restricted to any particular locality within the State. The classification must be so general as to bring within its limits all those who are in substantially the same situation or class. *McLaughlin* v. *Ford,* 168 Ark. 1108.

It is well settled in this State that, where a subsequent general act is repugnant to a prior special act or acts, the general act, without any repealing clause, operates as a repeal of the special act or acts to the extent of the repugnancy and where two such acts are passed at different times and it is clearly evident that the later act was intended as a revision of the prior one, it will repeal the first act to the extent in which its provisions are revised or substituted. *Massey* v. *State use Prairie County,* 168 Ark. 174.

Tested by this rule, it is manifest that § 1 of act 356 of the Acts of 1925 above set forth, repeals the provision in § 6 of the amendatory acts above referred to wherein, it is declared by the Legislature that no land in the Farelly Lake Levee District will be benefited more than $20 per acre by reason of the proposed improvement. The act creating the district, and the amendatory acts

passed by the Legislatures of 1917 and 1919 are all special acts.

The act of 1925 above set forth expressly provides that where any local improvement district created by a special act has made an agreement for any construction work, such district is impowered to carry out such agreement and to that end may issue bonds. The act further provides that such district may make a re-assessment of benefits which may be sufficient in amount to complete the improvement. It also provides that the re-assessment shall be made and equalized like the original assessment of benefits and shall become final and incontestable after the same lapse of time as the original assessment. Thus it will be seen that the act by its express terms provides that it is a revision and substitution for the assessment provisions in all local improvement districts created by special acts where an agreement or undertaking for any construction work has been made.

The answer by proper averments shows that prior to the passage of said act of 1925 the Farelly Lake Levee District had made an agreement for construction work to be done under its original plans. It is plain then that the special act creating the district, and the acts of 1917 and 1919 amendatory thereof, come within the express provisions of the act of 1925. In other words, the limitation of the amendatory acts that no land in the district will be benefited more than $20 per acre is repugnant to and inconsistent with the provisions of the act of 1925. Therefore, the limitation in this respect is taken away by the subsequent general act, being a later act and repugnant to the provisions of the former one. In other words, the later general act contains no restrictions or limitations as to amount upon the assessments of benefits except the guaranty of the Constitution that no assessment of benefits for local improvements shall be made on real property in substantial excess of the special benefits to the property. *Burr* v. *Beaver Dam Drain-*

*age Dist.,* 145 Ark. 51 and *Earle Road Imp. Dist. No, 6* v. *Johnson,* 145 Ark. 438.

Counsel for the plaintiff seeks to uphold the decree upon the authority of *Mays* v. *Phillips County,* 168 Ark. 829. But we do not think that case has any application to the facts of the present one. The general statute in that case did not refer to the prior special act, and there is nothing in its provisions showing that it was intended as a revision or substitution for the first act. Hence a majority of the court was of the opinion that the prior special act was not repealed by implication by the subsequent general act. In short, a majority of the court thought that the Legislature had no intention of repealing the special act by the subsequent general act, and that there was no language whatever used from which such repeal could be implied. In the act under consideration, the Legislature expressly states that it is a revision of special acts where an agreement for construction work has been made upon the original plans, and that a re-assessment of benefits may be made to an extent sufficient to complete the improvement.

The result of our views is that the decree of the chancery court will be reversed, and the cause will be remanded with directions to dismiss the complaint of the plaintiff for want of equity.