PAGE, STATE TREASURER *v.* RODGERS, TRUSTEE.

4-5678 134 S. W. 2d 573

Opinion delivered November 27, 1939.

*Ernest Briner, W. H. Glover* and *Jack Holt,* Attorney General, for appellant.

*Wallace Townsend* and *A. E. Townsend, Jr.,* for appellee.

Holt, J. Appellants bring this appeal from an adverse ruling of the Pulaski chancery court.

The cause is presented here on the pleadings in the court below, no evidence having been introduced.

It is alleged in appellee's complaint that appellee, L. F. Rodgers, plaintiff, below, is trustee of a bond issue dated September 3, 1929, issued by Mablevale Extension Road Improvement District No. 5 of Saline county, Arkansas, for the original amount of $18,000, of which $15,000 is still outstanding. This district was organized under act 183 of 1927, which was amendatory of act 126 of 1923 and was a beneficiary under paragraph G of § 1 of act 63 of the General Assembly of the state of Arkansas for the year 1931, and received 75 per cent. of its annual requirements for maturing bonds and interest from the Saline County Turnback Fund until the decision of this court on June 11, 1934, in the case of *Texarkana Forest Park Improvement District No. 1* v. *State,* 189 Ark. 617, 74 S. W. 2d 784, which held act 183 of 1927, *supra,* unconstitutional and that no valid district could be formed under it.

That following that decision, appellant, Saline county, refused to pay any part of its County Highway Fund on this district's bonds and the district refused to levy any taxes on its assessment of benefits for the payment of said bonds, resulting in the district being in default in the sum of $4,000 principal and $3,300 interest on said bonds, through March 1, 1938.

That the district was organized in 1928 and the improvements constructed by it were a public enterprise and were completed and the bonds issued subsequent to February 4, 1927.

That the Legislature of this state, recognizing that there had been road improvement districts organized in good faith throughout the state under act 126 of 1923, as amended by act 183 of 1927, which had been invalidated by the Supreme Court's decision, *supra,* but in which the district had received and spent the money for public improvements, and that the public improvements

derived from these districts should be recognized and relief awarded to the bondholders by allowing such districts to participate in the County Turnback Fund, enacted into law by act 381 of 1937, which act amended act 63 of 1931 by providing that the road improvement districts that should participate in the state aid being given to districts that had issued bonds since February 4, 1927, should also apply to any bonds issued by an improvement district in any of the counties in the state, even though such improvement district may be invalid, provided the improvement constructed by any such invalid district had been completed and the bonds issued subsequent to February 4, 1927, and provided further that such improvement was in the nature of a public enterprise and not a private or personal venture.

The complaint further alleges that under the terms of said act 381 appellee is entitled to have that part of the county highway, or County Turnback Fund, which ordinarily would be paid to Saline county, applied in payment of its past due maturities until such time as 75 per cent. of all of them had been paid and thereafter 75 per cent. of the annual maturity requirements.

Appellee brought this suit originally against Earl Page, treasurer of the state of Arkansas, but appellant, Saline county, was granted permission to intervene and demur to the complaint.

In this intervention and demurrer it alleged, ". . . that there is now pending in the United States District Court of Appeals, Eighth Circuit, Case No. 11,072, in the Equity Division, and which said case is styled, *L. F. Rodgers, Trustee, Appellant,* v. *Mablevale Extension Road Improvement District No. 5 of Saline County, Arkansas, Appellee,* and that said case is now pending in the Circuit Court of Appeals and was appealed from the District Court of the United States, Eastern District, Western Division, located at Little Rock, Arkansas; that plaintiff is attempting to maintain two causes of action in different courts, and asking for the same relief in each instance." And further that this court in the case of *Texarkana-Forest Park Paving, Water, Sewer and Gas District No. 1* v. *State Use of Miller Coun-*

*ty,* 189 Ark. 617, 74 S. W. 2d 784, held that a like bond issue was invalid, that the act under which said road improvement district was organized was a local act and in violation of Amendment No. 14 to the Constitution of this state, that act 381 of 1937, *supra,* is void for the reason that it violates the provisions of Amendments 14 and 20 to the Constitution of the state of Arkansas.

Appellant, Earl Page, state treasurer, in his answer to appellee's complaint, alleged that act 381 of 1937 is invalid for the reason that it violates the provision of Amendment No. 20 to the Constitution of the state of Arkansas.

While the cause was awaiting trial, the Arkansas Legislature passed act 311, approved March 14, 1939, Acts of 1939, p. 763, which undertook to amend act 381 of 1937 by providing that the road district bonds entitled to the benefits of the law must have been issued by the improvement district which was completed after February 4, 1927, "and not later than March 1, 1928."

Subsequent to the passage of act 311, appellant, Saline county, as intervener, filed an amended answer setting up act 311 of 1939 and alleged that the bonds of the Mablevale Road Improvement District No. 5 of Saline county, Arkansas, were issued after March 1, 1928, and therefore void, and that there was no law authorizing their payment.

To this amended answer appellee replied alleging that act 311 of 1939 is a local, or special, act so drawn that only two districts in the state could comply with its terms, those two districts being in Phillips county, Arkansas, and organized under act 183 of 1927, the same act under which the Saline county district was organized, and so drawn discriminates against all districts organized under act 183 of 1927 except those districts which issued bonds prior to March 1, 1928, and after February 4, 1927.

As indicated above, this cause was tried upon the pleadings, and the questions presented to the chancery court for decision were (1) whether act 381 of 1937 is a valid general law applicable to all districts falling within the same class; and (2) whether act 311 of 1939 is a

special, or local, act and therefore void because it was within the constitutional prohibition against the passage of local laws. The court held that act 381 of 1937 is constitutional, but that act 311 of 1939 is unconstitutional, and therefore the bonds issued by the Saline county district were entitled to participate in the benefits provided by act 381 of 1937.

Appellants earnestly insist on this appeal, first, that appellee is barred from maintaining this suit upon the ground of *res judicata*. We cannot agree to this contention.

The suit in the United States District Court, relied upon by appellants, was a suit against the district itself to establish the validity of its bonds based upon the statutes under which the district had been organized and to enforce the lien of assessment of benefits against the lands in the district. The parties were not the same as in the instant suit.

The suit before us attempts to secure for the bondholders of this district the benefit of an act passed over a year after their suit was started and giving relief that was not in existence at the time the suit was begun. The present suit is by the trustee, not against the district, and no effort is being made to enforce the collection of assessed benefits on the lands in the district, but it is directed against the state treasurer to require him to hold from the Saline County Turnback Fund that portion thereof that act 381 of 1937 authorizes to be paid to a district created under an invalid law. The state treasurer was not a party in the suit in the United States district court and could not have been a party until the validity of the Mablevale district had been established, but is a necessary party in the instant suit.

From this record it is clear that appellants did not plead *res judicata* in the court below and not having done so they cannot raise it here for the first time.

Here the record is silent as to the contents of the pleadings or the decree in the suit in the federal court. The only reference made to it is in the intervention and demurrer of Saline county, *supra*. As has been indicated,

no evidence was taken in this case, the record before us consisting solely of the pleadings with one exhibit, act 311 of 1939.

In *Williams* v. *Maners*, 179 Ark. 110, 14 S. W. 2d 1104, this court said: "Appellant did not plead *res adjudicata* as a defense or raise that question in the lower court. She has raised it here for the first time, basing her contention upon the following notation, appearing in page 68 of the transcript, 'A decree rendered on October 18, 1934.' The record is silent as to the contents of the decree, or by whom or on what authority it is made. The notation is too indefinite to sustain the defense of *res adjudicata*, had it been pleaded."

Appellants next contend that Mablevale Extension Road Improvement District No. 5 of Saline county, Arkansas, having been created under act 183 of 1927, which the Supreme Court held as unconstitutional, is a void district, and that, therefore, its bonds and interest coupons are void. This contention seems to be undisputed and we think under the terms of act 381 of 1937 is immaterial.

It is undisputed that the district in question is a public enterprise, was completed and the bonds issued after February 4, 1927. It is, therefore, entitled to share in the county turnback funds, for the state may bestow its bounty where it will.

It is apparent that act 381 of 1937 was passed with the express purpose of taking care of a situation just as we find here. Act 381 of 1937 applies here to the district in question regardless of the validity or invalidity of the statute under which it was created.

It is next contended that act 381 of 1937 is unconstitutional for the alleged reasons that it violates Amendment No. 20 to the Constitution of the state of Arkansas, that it is a local act violative of Amendment No. 14 to the Constitution of the state of Arkansas, and finally that it is repealed by act 325 of 1939.

The only difference between act 381 of 1937 and § 6 of act 63 of 1931, which it amends, is found in the last paragraph of act 381 as contrasted with the last paragraph of § 6 of act 63.

Section 6 of act 63 reads: "Road district bonds under the terms of this act shall apply to all road district bonds issued since February 4, 1927, and all road maintenance district bonds in each of said counties, and to the payment of any bonds or coupons for improvement of public thoroughfares issued since February 4, 1927, where such district was organized under act 126 of the Acts of the General Assembly of 1923 and amendments thereto, and under act 183 of the Acts of the General Assembly of 1927 and amendments thereto, or organized under other existing laws."

And act 381 reads: "Road district bonds under terms of this act shall apply to all road district bonds issued since February 4, 1927, and all road maintenance district bonds in each of said counties, and shall also apply to all bonds issued by any improvement district in any of the said counties even though such improvement districts may be an invalid or an unconstitutional district, provided the improvement of such invalid or unconstitutional districts has been completed and the bonds were issued since February 4, 1927, and provided further that the improvement district which has issued such bonds was in its nature a public enterprise and not a private or personal venture; and provided further that any improvement district, any part of whose improvement has been designated or is being used as a United States mail route or a public school bus route, shall conclusively be deemed to be a public venture."

The purpose of act 381 is clear. When act 63 of 1931 was enacted all districts organized under act 126 of 1923, and amendments thereto, and under act 183 of 1927, and amendments thereto, were recognized as valid districts. When this court, however, on June 11, 1934, in the Texarkana Case, *supra*, declared act 183 of 1927 unconstitutional and the districts created under it void, the Legislature passed act 381. We think it clear that what the Legislature intended to, and did do, under act 381 was to provide for a donation by the state and a gratuity in favor of Mablevale Extension Road Improvement District No. 5 of Saline county, Arkansas, which could be bestowed upon this district regardless of the constitu-

tionality of act 183 of 1927 under which the district was created.

In the Texarkana case, *supra,* this court said: "It is insisted, however, that the allotments to appellant district from Miller county's allotment of the funds under act 63 of 1931 is lawful and valid and should be continued because the donation by the state is a gratuity and may be bestowed regardless of the constitutionality of the act under which it was created. This is probably true if the General Assembly has manifested such intention, but such is not the case. . ."

This court has said that the Legislature is presumed to have enacted a statute in the light of all judicial decisions relating to the same subject. *Merchants' Transfer & Warehouse Company* v. *Gates,* 180 Ark. 96, 21 S. W. 2d 406.

In *Cone* v. *Hope-Fulton-Emmett Road Improvement District,* 169 Ark. 1032, 277 S. W. 544, this court construed act 147 of 1925, which provided for state aid to highway districts and was similar to the provision made by the county turnback fund, referring to the attack made upon the act said: "If the state and federal governments, in aid of the taxpayers of improvement district taxes and the bondholders of the district, set apart a portion of their revenues to be applied on the payment of bonds, such act upon the part of the sovereign is a gratuity rather than a contract. The sovereign has complete control of its revenues derived from taxation."

We are also of the view that act 381 does not violate Amendment No. 20 to the Constitution of the state of Arkansas. This amendment is as follows: "Except for the purpose of refunding the outstanding indebtedness of the state and for assuming and refunding valid outstanding road improvement district bonds, the state of Arkansas shall issue no bonds or other evidences of indebtedness pledging the faith and credit of the state or any of its revenues for any purposes whatsoever, except by and with the consent of the majority of the qualified electors of the state voting on the question at a general election or at a special election called for that purpose."

The only limitation provided by this amendment is that the state "shall issue no bonds or other evidences of indebtedness pledging the faith and credit of the state or any of its revenues for any purposes whatsoever." No limitation is placed upon paying out the revenue of the state, but the limitation is placed upon the issuance of bonds pledging the faith, credit, and revenues of the state, etc.

Act 381 does not purport to issue any bonds or any other evidences of indebtedness, nor does it pledge the faith and credit or the revenues of the state for any purpose. It provides simply, that part of the county turnback fund set up under act 63 of 1931 shall be used in certain counties for certain purposes to pay a part of the cost of the improvements in use on public highways, constructed by districts in good faith organized under an act (act 183 of 1927) later held unconstitutional by the Supreme Court of this state.

We are further of the view that act 381 is not a local or a special act, but is of a general nature.

We think the words of the act as set out, *supra,* disclose that it is not a local act, but that it is general in its nature.

We think the language of the act brings it within the rule announced by this court in *Farelly Lake Levee District* v. *Hudson,* 169 Ark. 33, 37, 273 S. W. 711, wherein it is said in defining a general act: "The question of whether an act is a general or a special one must be determined from the act itself and from facts of which the court will take judicial notice. The courts will take judicial notice that many special acts have been heretofore passed by the Legislature establishing levee, drainage and highway districts. A general law must relate to persons and things as a class and must operate throughout the state upon the whole subject or whole class and must not be restricted to any particular locality within the state. The classification must be so general as to bring within its limits all those who are in substantially the same situation or class. *McLaughlin* v. *Ford,* 168 Ark. 1108, 273 S. W. 707."

We hold also that act 381 is not repealed by act 325 of 1939 by implication. In this state the rule is well settled that the repeal of an act by implication is not favored and will not be held to exist if by any reasonable construction repeal is not shown. Act 381 of 1937 amends § 6 of act 63 of 1931, and this section makes no appropriation whatever, but simply defines the districts that are entitled to share in the county turnback money. Paragraph G of § 1 of act 63 of 1931 is the provision for payment of bonds and interest coupons, and act 381 does not affect paragraph G at all. It simply defines the districts entitled to share in the benefits of paragraph G.

We think act 325 of 1939 is cumulative to the provisions of paragraph G and supplements the state aid for a period of two years. However, an examination of act 325 reveals that the aid given by it applies only to the valid bonds of valid road improvement districts.

Act 381 of 1937 deals with two classes of districts, those that are valid and those that are invalid, and we think there is no repugnancy in providing for the payment of valid bonds in full and limiting the payment on bonds in invalid districts to 75 per cent. of the amount due each year.

The rule seems to be well settled that in order for a later statute to repeal a former one, by implication, there must be irreconcilable conflict and repugnancy between the two statutes so that they cannot stand together and further in order to repeal a former statute, by a later one relating to the same subject, it is necessary that the later statute take up and cover the whole subject matter of the former act.

Guided by these rules of construction, we conclude that act 381 is not repealed by act 325 of 1939.

Finally we are of the view that the chancellor was correct in holding act 311 of 1939 a local and special act and in violation of Amendment No. 14 to the Constitution of the state of Arkansas. This act changes act 381 of 1937 in this, after the words "issued since February 4, 1927," it adds the words "and not later than March 1, 1928," thus the application of act 311 of 1939 is limited to a period of slightly more than one year,

that is from February 4, 1927, to March 1, 1928. No district except one that completed its improvements and issued bonds, within this time limit, can participate in its benefits. The appellee alleged, and it is not denied by appellants in this record, that only two districts in the state can benefit by act 311 of 1939. This record does not show the total number of districts in Arkansas organized under act 183 of 1927. It does show, however, the existence of three such districts, two in Phillips county, and the one in Saline county in question here, and that act 311 of 1939 does not include all three.

The record discloses that while the instant case was awaiting trial act 311 was passed by the Legislature and was so drawn that it did not permit the Saline county district to participate. We are clearly of the view that the classification made by act 311 is arbitrary and an unnatural classification of road districts coming under the same general class and so drawn as to exclude road districts that fall within the general classification from its benefits, and, is therefore, a local act and, being in conflict with Amendment No. 14 to the Constitution of the state of Arkansas, is void and that the learned chancellor was correct in so holding.

In *Leonard* v. *Luxora-Little River Road Maintenance District No. 1,* 187 Ark. 599, 61 S. W. 2d 70, this court had under consideration act 159 of 1933. The first section of act 159 undertook to amend paragraph F of § 1 of act 63 of 1931 by providing that the basis of distributing county highway turnback funds should, in counties having more than one judicial district and a population of not less than 65,000 as shown by the most recent United States census, be divided as to those counties between the judicial districts on the basis of the mileage of the county-maintained road. The court said there are twelve counties in Arkansas having more than one judicial district, and of these twelve counties only one, Mississippi county, has a population of 65,000. The court held the act violated the amendment to the Constitution, because it is a local act applying to Mississippi county alone. It cites the cases of *Street Improvement Districts Nos. 481 and 485* v. *Hadfield,* 184 Ark. 598, 43 S. W. 2d 62, and

*Simpson* v. *Matthews,* 184 Ark. 213, 40 S. W. 2d 991. The opinion states that there is no reason in the nature of things why an act of this kind should apply to Mississippi county and not to other counties in the state. It is, therefore, an arbitrary or unnatural classification, and there is no natural connection between counties having more than one judicial district and 65,000 population and the division of the county highway funds, stating that the court had repeatedly held that an act which exempts one county is a local act.

In *Webb* v. *Adams,* 180 Ark. 713, 23 S. W. 2d 617, there was involved a construction of act 149 of 1929. Section 14 of the act provided, ''The provisions of this act shall in no way apply to or affect Gosnell Special School District in Mississippi county, Arkansas. Provided, also, that the provisions of this bill shall not apply to Faulkner and Sharp counties.'' The act was attacked upon the ground that it violated Amendment No. 14 to the Constitution which states the general assembly shall not pass any local or special act. This court said: ''The exclusion of a single county from the operation of a law makes it local and it cannot be both a general and a local statute. . . . The courts looked to the substance and general operation of a law in determining whether it is general, special or local, and if its operation must necessarily be special or local, it must be held to be special or local legislation, whatever may be its form. . . . The local law is one that applies to any subdivision or subdivisions of the state less than the whole. 3 Words & Phrases, 2d Series, p. 172. A law is special in a constitutional sense when, by force of an inherent limitation, it arbitrarily separates some person, place or thing from those upon which but for such separation it would operate.''

The court held the act void and upon rehearing, Chief Justice HART, in reaffirming the decision of the court, cited *Farelly Lake Levee District* v. *Hudson,* 169 Ark. 33, 273 S. W. 711, that a general law must relate to persons and things as a class and must operate uniformly throughout the state upon the whole subject or upon the whole class, and must not be restricted to any particular

locality within the state. See, also, *Smith* v. *Cole,* 187 Ark. 471, 61 S. W. 2d 65; *Ark-Ash Lumber Co.* v. *Pride and Fairley,* 162 Ark. 235, 258 S. W. 135; *State ex rel. Attorney General* v. *Lee,* 193 Ark. 270, 99 S. W. 2d 835.

In *Conway County Bridge District* v. *Williams,* 189 Ark. 929, 75 S. W. 2d 814, this court said: "We conclude that the legislative classification here under consideration was unreasonable and arbitrary and in its effect was to exclude bridge districts located in this state which fall within the general classification of such districts and is, therefore, unwarranted."

On the whole case, we find no errors and the decree of the trial court is affirmed.